IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PFIZER INC. | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 06-89-GMS |
| TEVA PHARMACEUTICALS USA and TEVA PHARMACEUTICAL INDUSTRIES LTD. | ) ) ) ) ) |
| Defendants. | ) ) |

**DECLARATION OF BRENDAN G. WOODARD, ESQ. IN SUPPORT OF PLAINTIFF PFIZER'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF NEW YORK**

I, Brendan G. Woodard, Esq., hereby declare as follows.

1. I am an attorney with White and Case LLP, counsel of record for Pfizer Inc. ("Pfizer") in the *Teva Pharmaceuticals USA Inc. v. Pfizer Inc.*, 03cv7423 and 04cv4979 (LAP) (consolidated) actions (the "New York Action"). I make this Declaration in support of Plaintiff Pfizer Inc.'s Answer Brief in Opposition to Defendants' Motion to Transfer Venue to the Southern District of New York.

2. Defendant Teva Pharmaceuticals USA, Inc. ("Teva USA") initiated the prior New York Action against Pfizer in September 2003 by filing a complaint in the United States District Court for the Southern District of New York seeking declaratory judgment relief alleging that there was an actual controversy regarding Teva's proposed azithromycin ANDA products. Teva sought declarations that the 250 mg and 600 mg strengths of its proposed generic azithromycin products do not infringe Pfizer's U.S. Patent Nos. 5,605,889 ("the '889 patent") and 6,268,489

("the '489 patent"), and that the patents are invalid. Teva filed a second complaint in June 2004 seeking similar declaratory judgment relief regarding the 500 mg strength of its proposed generic azithromycin products, and again asserting that the patents are invalid. The actions were consolidated by stipulation and assigned to the Honorable Judge Loretta A. Preska.

3. Pfizer moved to dismiss the New York Action for lack of subject matter jurisdiction, in sum, on the grounds that there was no actual controversy regarding Teva's ANDA products and the identified Pfizer patents. After Judge Preska denied Pfizer's motion to dismiss, Pfizer answered the complaints and filed compulsory counterclaims asserting that the '889 patent and the '489 patent were infringed, pursuant to 35 U.S.C. § 271(e)(2)(A), by Teva's submitting to the FDA ANDAs which sought approval to market its generic azithromycin products.

4. On December 21, 2004, Pfizer granted Teva USA a covenant not to sue regarding the '889 patent, and thus Teva did not pursue its claims regarding that patent. On June 20, 2005, Teva USA filed a consolidated amended complaint in the New York Action seeking declarations of non-infringement and invalidity of the '489 patent, as well as a declaration that the '489 patent is unenforceable due to inequitable conduct. Pfizer answered and brought compulsory counterclaims that Teva's proposed ANDA products infringed the '489 patent pursuant to 35 U.S.C. § 271(e)(2)(A). The New York Action was thus directed to the questions of whether Teva's proposed ANDA products, if marketed, would infringe the '489 patent, and whether the '489 patent is valid and enforceable.

5. On September 23, 2005, Pfizer and Teva filed summary judgment motions in the New York Action regarding the infringement, validity, and enforceability of the '489 patent. In support of these motions, the parties each filed briefs with supporting declarations and exhibits.

Briefing was completed on November 4, 2005. No evidentiary hearing, argument, or other courtroom proceeding regarding the substantive merits of the infringement and validity of the '489 patent was held or scheduled.

6.  On February 9, 2006, Pfizer granted Teva USA a covenant not to sue regarding the '489 patent. On February 17, 2006, Judge Preska held a telephone conference in the New York Action concerning, inter alia, Pfizer's covenant not to sue. In view of the covenant, Judge Preska issued a memorandum and order denying as moot all pending discovery and summary judgment motions.

7.  At this stage in the New York Action, all of the parties' claims and counterclaims related to the merits of the infringement and validity of the '489 patent have been denied as moot in view of Pfizer's covenant not to sue. While the prior New York Action is technically still pending, the only remaining issue in the New York Action is Teva's claim for attorney fees under 35 U.S.C. § 285.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on March 8, 2006.

_____
Brendan G. Woodard, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2006, I electronically filed **DECLARATION OF BRENDAN G. WOODARD, ESQ. IN SUPPORT OF PLAINTIFF PFIZER'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF NEW YORK** with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

> Mary B. Matterer
> Morris James Hitchens & Williams LLP
> 222 Delaware Avenue, 10th Floor
> P.O. Box 2306
> Wilmington, DE 19899-2306

I hereby certify that on March 9, 2006, I have mailed by First Class Mail, the document(s) to the following non-registered participants:

> Steven Lee
> Elizabeth J. Holland
> Sheila Mortazavi
> Cynthia Lambert Hardman
> Kenyon & Kenyon LLP
> One Broadway
> New York, NY 10004

/s/ Rudolf E. Hutz
Rudolf E. Hutz (#484)
Daniel C. Mulveny (#3984)
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19899-2207
(302) 658-9141
*Attorneys for Pfizer Inc*