IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PFIZER INC.,<br><br>                    Plaintiff,<br><br>          v.<br><br>TEVA PHARMACEUTICALS USA and<br>TEVA PHARMACEUTICAL INDUSTRIES LTD.,<br><br>                    Defendants. | Civil Action No. 06-89 (GMS) |

**ANSWER OF DEFENDANT TEVA PHARMACEUTICAL INDUSTRIES LTD.**

Defendant Teva Pharmaceutical Industries Ltd. ("Teva Ltd."), through its undersigned counsel, hereby answers the Complaint of plaintiff Pfizer Inc. ("Pfizer") as follows. This Answer is based upon Teva Ltd.'s knowledge as to its own activities, and upon information and belief as to the activities of others. The numbered paragraphs below correspond to the numbered paragraphs in Pfizer's Complaint.

**PARTIES**

1. Upon information and belief, admitted.

2. Upon information and belief, admitted.

3. Upon information and belief, admitted.

4. Upon information and belief, admitted.

5. Upon information and belief, admitted.

6. Denied to the extent that Teva Pharmaceuticals USA, Inc. ("Teva USA") is incorrectly referred to as Teva Pharmaceuticals USA. The allegations of this paragraph are otherwise admitted upon information and belief.

7. Admitted that Teva USA is a wholly-owned indirect subsidiary of Teva Pharmaceutical Industries Ltd. Admitted that Teva Ltd. is a corporation or other entity organized and existing under the laws of Israel, having its principal place of business at 5 Basel Street, Petach Tikva 49131, Israel. To the extent the allegations of this paragraph go further, they are denied.

## JURISDICTION AND VENUE

8. Admitted that Pfizer purports to state claims that arise under the patent laws of the United States, United States Code, Title 35, and that Pfizer purports to state claims such that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. Upon information and belief, admitted that Teva USA is incorporated in Delaware. Teva Ltd. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

10. Teva Ltd. does not contest personal jurisdiction in this District. To the extent the allegations of this paragraph go further, they are denied.

11. Teva Ltd. does not contest venue in this District under one of United States Code, Title 28, §§ 1391(c), (d) and 1400(b), but avers that venue should be transferred to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a). To the extent the allegations of this paragraph go further, they are denied.

## THE PATENT-IN-SUIT

12. Upon information and belief, admitted.

13. Teva Ltd. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

14. Teva Ltd. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

15. Upon information and belief, Teva Ltd. admits that a Certificate of Correction to the '243 patent issued and is attached to the Complaint as Exhibit B. Teva Ltd. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

16. Teva Ltd. refers to the '243 patent and Certificate of Correction for their contents. To the extent the allegations in this paragraph go further, they are denied.

17. Teva Ltd. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

## COUNT 1
**(Patent Infringement)**

18. Teva Ltd. repeats and re-alleges its responses to Paragraphs 1-17 above as if set forth fully herein.

19. Upon information and belief, admitted.

20. Upon information and belief, admitted.

21. Upon information and belief, admitted.

22. On information and belief, admitted that Teva USA began shipping azithromycin tablets 250 mg, 500 mg and 600 mg, on, about, or after November 14, 2005, and continues to do so. The remaining allegations of this paragraph are denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

## COUNT II
### (Active Inducement of Infringement)

30. Teva Ltd. repeats and re-alleges its responses to Paragraphs 1-29 above as if fully set forth herein.

31. Admitted that Teva Ltd. researched and developed the azithromycin products that are the subject of ANDA Nos. 065153, 065193 and 065150. The allegations of this paragraph are otherwise denied.

32. Denied.

33. Denied.

34. Denied.

## COUNT III
### (Declaratory Judgment of Infringement of the '243 Patent)

35. Teva Ltd. repeats and re-alleges its responses to Paragraphs 1 through 34 above as if fully set forth herein.

36. Admitted that Pfizer purports to state a claim under the Declaratory Judgment Act. On information and belief, admitted that Teva USA sells and offers for sale its 250 mg, 500 mg and 600 mg azithromycin tablets in the United States; and that it began shipping on, about, or after November 14, 2005. The allegations of this paragraph are otherwise denied.

37. On information and belief, admitted that Teva USA sells and offers for sale its 250 mg, 500 mg and 600 mg azithromycin tablets in the United States, and that it began shipping on, about, or after November 14, 2005. The allegations of this paragraph are otherwise denied.

38. Denied.

39. Denied.

### COUNT IV
### (Declaratory Judgment of Infringement of the '243 Patent)

40. Teva Ltd. repeats and re-alleges its responses to Paragraphs 1 through 39 above as if fully set forth herein.

41. Admitted that Pfizer purports to state a claim arising under the Declaratory Judgment Act. The allegations of this paragraph are otherwise denied.

42. On information and belief, admitted that Teva USA sells and offers for sale its 250 mg, 500 mg and 600 mg azithromycin tablets in the United States, and that it began shipping on, about, or after November 14, 2005. The allegations of this paragraph are otherwise denied.

43. Denied.

44. Denied.

### RESPONSE TO PRAYER FOR RELIEF

45. Teva Ltd. denies that Pfizer is entitled to the relief sought in the "Prayer for Relief" of the Complaint.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Noninfringement)

46. Teva USA's manufacture, use, offer for sale, sale, and/or importation of its 250 mg, 500 mg and 600 mg azithromycin tablets pursuant to ANDA Nos. 65-153, 65-193, and 65-

150, respectively, has not infringed, does not infringe and will not infringe any valid and properly construed claim of the '243 patent.

## SECOND AFFIRMATIVE DEFENSE
### (Noninfringement)

47.  Teva USA's filing of its ANDA Nos. 65-153, 65-193, and 65-150 was not an act of infringement under 35 U.S.C. § 271(e)(2)(A).

## THIRD AFFIRMATIVE DEFENSE
### (Noninfringement)

48.  Teva Ltd. has not directly or indirectly infringed, and will not directly or indirectly infringe, any valid and properly construed claim of the '243 patent.

## FOURTH AFFIRMATIVE DEFENSE
### (Invalidity)

49.  The claims of the '243 patent are invalid for failure to comply with one or more sections of Title 35, United States Code, including, but not limited to, sections 101, 102, 103, and 112.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim Upon Which Relief May be Granted)

50.  Pfizer has failed to state a claim upon which relief may be granted.

## PRAYER FOR RELIEF

WHEREFORE, Teva Ltd. respectfully requests that the Court enter judgment against Pfizer to include:

A.  Dismissal of Pfizer's complaint with prejudice;

B.  Denial of each of Pfizer's requested forms of relief against Teva Ltd.;

C.  An award to Teva Ltd. of its reasonable costs and attorneys' fees in connection with this action; and

D. Such other and further relief as the Court may deem just and proper.

Dated: March 15, 2006				By:	    */s/ Mary B. Matterer*
						Mary B. Matterer (#2696)
						MORRIS JAMES HITCHENS & WILLIAMS LLP
						222 Delaware Avenue, 10th Floor
						Wilmington, DE  19899-2306
						(302) 888-6800
						mmatterer@morrisjames.com

						*Counsel for Defendant*
						*Teva Pharmaceutical Industries Ltd.*

*Of Counsel:*
Steven J. Lee
Elizabeth J. Holland
Sheila Mortazavi
Cynthia Lambert Hardman
KENYON & KENYON LLP
One Broadway
New York, NY 10004
Tel.: (212) 425-7200
Fax:  (212) 425-5288

7

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of March, 2006, I electronically filed the foregoing document, **ANSWER OF DEFENDANT TEVA PHARMACEUTICAL INDUSTRIES LTD.,** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Rudolf E. Hutz
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
Wilmington, DE 19801

Additionally, I hereby certify that on the 15th day of March, 2006, the foregoing document was served as indicated:

**VIA HAND DELIVERY**
Rudolf E. Hutz, Esq.
Daniel C. Mulveny, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
Wilmington, DE  19801

Dated: March 15, 2006         By:      */s/ Mary B. Matterer*
                                        Mary B. Matterer (#2696)
                                        MORRIS JAMES HITCHENS & WILLIAMS LLP
                                        222 Delaware Avenue, 10th Floor
                                        Wilmington, DE  19899-2306
                                        (302) 888-6800
                                        mmatterer@morrisjames.com

                                        *Counsel for Defendant*
                                        *Teva Pharmaceutical Industries Ltd.*